UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN ORTIZ,<br><br>    Defendant. | Case No. 2:15-cr-00124-KJM-2<br><br>ORDER |

Petitioner John Ortiz filed a letter brief "in lieu of a formal legal motion" on December 29, 2019 (ECF No. 236), requesting reconsideration of the court's order of December 11, 2019 dismissing his petition for relief under 28 U.S.C. § 2255 and declining to issue a certificate of appealability. ECF No. 233. Petitioner's filing requests "that the court make robust reconsideration to reverse the former Order of 12/11/2019, as [petitioner] has showing of good cause for having merit for appellate action[.]" Mot. at 1. The court therefore construes this filing as a motion to reconsider the court's non-issuance of a certificate of appealability.

A motion for reconsideration or relief from a judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989)). Motions for reconsideration are available in § 2255 cases as prescribed in the Federal Rules of Civil Procedure. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 ("[I]t makes sense to

1

conclude that a motion for reconsideration of an order finally resolving a § 2255 petition must meet the time limits set in Rule 59(e)."). Petitioner's motion was brought within 28 days of final judgment, so it is considered under Rule 59(e).

Petitioner's motion for reconsideration raises a number of substantive arguments not raised in his initial petition. These include allegations that it was improper for the sentencing judge to consider a dismissed gun charge in sentencing petitioner's drug trafficking conviction and an argument regarding character evidence, among others. Mot. at 2. Petitioner spends little time addressing the contentions raised in his initial petition, stating that "[petitioner's] court papers filed with the court of appeals raised a substantial question of law or fact on ineffective assistance of counsel and other due process principles not followed pursuant to Fed. R. Crim. P. 32(c), and (i)," without further identifying the purported questions of law or fact. *Id.*

Petitioners are typically limited to a single motion under § 2255 and "may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). A second or successive motion cannot be considered unless it has first been certified by the court of appeals to contain either

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), the Supreme Court held that a state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254. The Ninth Circuit has extended *Gonzalez* to petitions brought under § 2255. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). Motions for relief from a judgment denying a habeas corpus petition must be examined for their substance; if they raise new claims, they must be considered a second or

2

successive application for relief and denied absent a certification from the court of appeals. *Gonzalez*, 545 U.S. at 531.

Petitioner has not shown the court of appeals certified his pending motion to contain newly discovered evidence or a new rule of law. Thus, insofar as he raises new claims in the motion, it will not be considered as it is effectively an unauthorized second or successive petition.

Insofar as petitioner raises claims properly raised in his first § 2255 petition, these may be properly considered under Rule 59(e). However, a Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). The court may grant the motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks and citations omitted). Here, petitioner makes references to the same arguments he made before only briefly, and without explaining any grounds for reconsideration.

Thus, the court DENIES petitioner's motion. No further relief will be granted at this time.

IT IS SO ORDERED.

DATED: March 11, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE